UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
UNITED STATES OF AMERICA,      :
        :
     -against-       :          **SUMMARY ORDER**
        :          08-CR-798 (DLI)
MARTIN DONATO, *pro se*,     :
        :
     Defendant.      :
----------------------------------------------------------x
**DORA L. IRIZARRY, U.S. District Judge:**

By letter dated April 12, 2011, *pro se*[1] defendant Martin Donato ("Defendant") filed the instant motion asking the court to modify the sentence it imposed on December 6, 2010 and resentence him to a partially non-custodial sentence, because his incarceration has caused his family to suffer hardship. For the reasons set forth below, Defendant's motion is denied.

**I.    Background**

On January 22, 2010, Defendant pled guilty to conspiracy to distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 846 (the "Narcotics Charge"). (*See* 08-cr-798, Dkt. Entry No. 448.) Pursuant to Defendant's plea agreement he "agree[d] not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that the Court imposes a term of imprisonment of 63 months or below." (08-cr-798, Plea Agreement ¶ 4.)

On July 2, 2010, while on bail awaiting sentencing on the Narcotics Charge, Defendant was arrested for selling illegal fireworks to an undercover New York City Police Officer. (*See generally* 10-cr-637, Dkt. Entry No. 1.) Subsequent to his arrest, an inventory search of

---

[1] The court is mindful that *pro se* submissions, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Thus, the court interprets the motion "to raise the strongest arguments that [it] suggest[s]." *Triestman v. Fed. Bureau of Prisons,* 470 F. 3d 471, 474 (2d Cir. 2006) (emphasis omitted).

Defendant's van resulted in the seizure of: 1) a Kel-Tec P-32, .32 caliber semi-automatic pistol loaded with six rounds of ammunition; 2) three gravity knives, including a large double-bladed gravity knife; 3) a stun gun; 4) an expandable baton; 5) a fake parking plaque that identified Defendant's van as a police vehicle belonging to the New York County District Attorney's Office; and 6) a large quantity of illegal fireworks. (*See id.*)

On December 6, 2010, in relation to the contraband found in Defendant's van, Defendant pled guilty to unlawful receipt of a firearm, in violation of Title 18, United States Code, Section 922(n) (the "Firearm Charge"). (*See* 10-cr-637, Dkt. Entry No. 17.) Pursuant to Defendant's plea agreement he "agree[d] not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that the Court imposes a term of imprisonment of 76 months or below." (10-cr-637, Plea Agreement ¶ 4.)

On the same date, the court sentenced Defendant to forty-six (46) months of incarceration for the Narcotics Charge, followed by five (5) years of supervised release with special conditions. (08-cr-798, Dkt. Entry No. 680.) The court also sentenced Defendant to twelve (12) months of incarceration for the Firearm Charge, to run consecutive to the sentence imposed for the Narcotics Charge, followed by three (3) years of supervised release with special conditions. (10-cr-637, Dkt. Entry No. 17.)

On April 12, 2011, in light of alleged hardships Defendant's incarceration has caused his family, Defendant moved the court to modify his sentence to allow him to "work and support [his] family and . . . return to jail on nights and weekends to complete [his] punishment." (10-cr-637, Dkt. Entry No. 25.) The government opposes Defendant's motion. (*See* 10-cr-637, Dkt. Entry No. 26.)

## II.     Discussion

It is well settled that a district court may not alter an imposed sentenced, except in very limited circumstances. *See United States v. Kyles*, 601 F. 3d 78, 83 (2d Cir. 2010). Pursuant to 18 U.S.C. § 3582(c), the court is permitted to modify a sentence: 1) upon motion by the Bureau of Prisons for a reduced term of imprisonment; 2) as otherwise expressly provided by statute or Federal Rule of Criminal Procedure 35; or 3) where the Sentencing Commission subsequently reduces the applicable sentencing guidelines range pursuant to 28 U.S.C. § 994(o). Pursuant to Federal Rule of Criminal Procedure 35, the court is permitted to: 1) correct a sentence upon remand from a higher court; 2) reduce a sentence on motion of the government; or 3) correct a sentence resulting from "arithmetical, technical, or other clear error." Finally, Pursuant to Federal Rule of Criminal Procedure 36, the court is permitted to correct a clerical error in judgment. *See Kyles*, 601 F. 3d at 83; *see also Poindexter v. United States*, 556 F. 3d 87, 89 (2d Cir. 2009); *United States v. Burd*, 86 F. 3d 285, 289 (2d Cir. 1996). None of these circumstances are present in Defendant's case. Moreover, Defendant's application to modify his sentence contravenes the express terms of the plea agreements he made with the government, which provided that Defendant waived his right to appeal or collaterally attack his sentence. Accordingly, even if the court were inclined to grant Defendant's application, the court is without authority to do so.

Nonetheless, Defendant contends a modification of his sentence is permissible and appropriate in light of recent Supreme Court precedent. (*See* 08-cr-798, Dkt. Entry No. 729, Def.'s Letter, dated May 9, 2011 (quoting *Pepper v. United States*, 131 S.Ct. 1229, 1240 (2011).) Defendant asserts that a district court has "wide latitude" to modify an imposed sentence and he supports his assertion by quoting the Supreme Court's observation that:

> both before and since the American colonies became a nation, courts in this country and in England practiced a policy under which a sentencing judge could exercise a wide discretion in the sources and types of evidence used to assist him in determining the kind and extent of punishment to be imposed within limits fixed by law . . . [p]ermitting sentencing courts to consider the widest possible breadth of information about a defendant ensures that the punishment will suit not merely the offense but the individual defendant.

*Pepper*, 131 S.Ct. at 1240 (internal citations and quotation marks omitted). Defendant's argument is without merit and is based on a misunderstanding of the import of the Supreme Court's discussion. The language Defendant quotes relates to the breadth of information a court may collect and consider when determining an appropriate sentence to impose on a particular defendant in the first instance. The quote in no way stands for the proposition that, absent the limited circumstances discussed above, a court retains authority to modify a sentence after it has been imposed. Notably, this court did consider Defendant's family's circumstances, which was offset by Defendant's commission of a new crime, involving the possession of a firearm and other weapons while awaiting sentence on a narcotics case. Because the court is without authority to modify Defendant's sentence, Defendant's motion is denied.

**III.    Conclusion**

For the forgoing reasons, Defendant's motion to modify his sentence is denied in its entirety.  Defendant is denied a certificate of appealability, as he has failed to make a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *see* Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Luciadore v. New York State Div. of Parole*, 209 F. 3d 107, 112 (2d Cir. 2000).  The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for purpose of an appeal.  *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated:  Brooklyn, New York
          July 18, 2012

_____/s/_____
DORA L. IRIZARRY
United States District Judge